IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> DONALD LEE GLASS, <br><br>    Defendant. | CRIMINAL ACTION FILE NO. <br> 1:15-cr-00365-MHC-JKL |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Defendant Donald Lee Glass ("Defendant") is charged in a three-count indictment with possession of firearms while being a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2); possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).[1]  [Doc. 1.]  Pending before the Court is Defendant's Motion to Suppress Search of 4015 Covington Hwy, C-2, Decatur, Georgia (the "Motion to Suppress").  [Doc. 12.]  For the reasons discussed below, the undersigned **RECOMMENDS** that the motion be **DENIED.**

---

[1] The indictment also contains a forfeiture provision seeking the return of firearms and ammunition used in the commission of the alleged offenses.  [Doc. 1.]

## I.   FACTUAL BACKGROUND[2]

On August 3, 2015, DeKalb County police officers responded to a shooting and found a victim who had been shot multiple times. On August 12, 2015, detectives interviewed an individual ("Informant"), who identified the Defendant as having been involved in the shooting.

On August 18, 2015, DeKalb County Police Department Detective B.P. Kershaw presented an affidavit in support of an application for a search warrant to a DeKalb County Magistrate Judge, requesting a search of Defendant's residence for firearms, ammunition, and other items used in connection with the crime of murder and evidence of street gang membership or affiliation. The affidavit stated in pertinent part as follows:

> On 8/3/15 at 0133 hours officers responded to 2202 Fairington Village Drive in reference to a person shot. The victim, Robert "Rampage" Dixon was shot multiple times including two gunshot wounds to the head. Six 9mm shell casings were found at the scene.
>
> On 8/12/15 DA Investigator Pinckney, Gang Detective Hardaway and I interviewed [REDACTED][3] in reference to [REDACTED] knowledge of multiple homicides over the past few months. [REDACTED] said that "Smurf"

---

[2] The statement of facts is taken from the parties' briefs and exhibits thereto.

[3] The identity of the Informant was provided to the DeKalb County Magistrate.

> (who is a member of the Hate Committee) told [REDACTED] directly that he and "Gator" shot and killed "Rampage" because "Rampage" was talking to the police about [REDACTED] said that "Smurf" told [REDACTED] that he used a .357 revolver and that "Gator" had a Glock 9mm. [REDACTED] said that most of the weapons used for the murders committed by the Hate Committee gang members were stored at Smurf's apartment on Covington Hwy near Mama's Primetime. [REDACTED] said that the apartment is the second or third building on the right side of the entrance and that the door faces Covington Hwy. [REDACTED] confirmed the identity of Donald "Smurf" Glass (2/26/90).
>
> Detective Cribbs was able to determine that Donald Glass has utility bills for 4015 Covington Hwy apartment C-2 in Decatur, which is directly across the street from Mama's Primetime. Upon detectives responding to the location, apartment C-2 was positioned exactly as described [REDACTED].

[Doc. 12-1 at 5.]

On August 18, 2015, the DeKalb County Magistrate issued the requested search warrant, and on August 18 or 19, 2015, the officers executed the warrant. Defendant was arrested sometime thereafter.

## II.   DISCUSSION

Defendant moves to suppress "the fruits of the illegal searches"[4] on the following grounds: (1) the Kershaw Affidavit was deficient because it lacked sufficient reliability to establish probable cause that weapons were stored at the Defendant's residence; (2) the good faith exception to the exclusionary rule articulated in *United States v. Leon*, 468 U.S. 897 (1984), does not apply because the affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (3) Georgia law, rather than federal law, governs the admissibility and the reasonableness of a search and seizure.  I take each argument in turn.

### A.   The Kershaw Affidavit Provided a Substantial Basis to Support Probable Cause for Issuing the Search Warrant.

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation . . . ." U.S. Const. amend. IV.  In considering an application for a search warrant, the judicial officer's task is to make a practical, common-sense decision whether, given all the circumstances set

---

[4] It is unclear what items the officers located and seized during the search, and neither the Defendant nor the Government specifically identifies the evidence that is subject to the Motion to Suppress.  In addition, Defendant refers to "searches" in his motion; however, only one search appears to be at issue in this case.

forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

A reviewing court examining a challenge to a search warrant applies a different standard, which accords "great deference" to the judicial officer's finding of probable cause. *Id.* On review, the reviewing court must ask whether the judicial officer had a substantial basis for concluding that probable cause existed. *Id.*; *see also Massachusetts v. Upton,* 466 U.S. 727, 728 (1984) (*per curiam*) ("[T]he task of a reviewing court is not to conduct a de novo determination of probable cause, but only to determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant."); *United States v. Miller*, 24 F.3d 1357, 1363 (11th Cir. 1994) ("[R]eviewing courts lend substantial deference to an issuing magistrate's probable cause determinations."). When a search is conducted pursuant to a warrant, the defendant bears the burden to show that the warrant is invalid. *United States v. Lockett*, 533 F. App'x 957, 965 (11th Cir. 2013); *United States v. Hinton*, 113 F. Supp. 3d 1277 (N.D. Ga. 2015).

"A search warrant is supported by probable cause if the supporting affidavit establishes 'a connection between the defendant and the location to be searched; ... a link between the location and criminal activity; and ... the informant's veracity

5

and basis of knowledge.'" *United States v. Joseph*, 709 F.3d 1082, 1099 (11th Cir. 2013) (quoting *United States v. Davis*, 313 F.3d 1300, 1303 (11th Cir. 2002)). When an affidavit is based in substantial part on information provided by an informant, the informant's reliability, veracity, and basis of knowledge are relevant considerations – but not independent, essential elements – in finding probable cause. *Gates*, 462 U.S. at 230.

Defendant argues that the Kershaw Affidavit is defective because "there was not any evidence presented showing the reliability of the informant." [Doc. 20 at 3.] In particular, Defendant contends there is no corroboration of the Informant's statement that weapons would be found at Defendant's apartment, and there is no mention as to whether the Informant provided reliable information in the past. [Doc. 12 at 3.]

The undersigned disagrees. The Kershaw Affidavit reflects that the DeKalb County Police corroborated some of the information that the Informant provided, including the location of Defendant's apartment and the type of weapon used to kill the victim. Each and every statement that an informant makes need not be independently corroborated. Indeed, the Supreme Court's decision in *Gates* "criticizes *per se* rules for the determination of probable cause," and instead examines whether, based on the totality of the circumstances, the informant has a

sufficient basis of knowledge, veracity, and reliability. *See United States v. Brundidge*, 170 F.3d 1350, 1353 (11th Cir. 1999). In addition, the officers were able to speak to the Informant face-to-face, and could therefore assess his credibility firsthand. *See United States v. Brown*, ___ F. App'x ___, No. 14-15602, 2016 WL 106141, at *4 (11th Cir. Jan. 11, 2016) (*per curiam*) (recognizing that a face-to-face meeting with an informant "would make the informant even more reliable") (citing *United States v. Heard*, 367 F.3d 1275, 1279 (11th Cir. 2004)).

In their briefs, the parties refer to a recording of testimony that Detective Kershaw offered to the Magistrate in connection with obtaining the search warrant. According to the Government, Detective Kershaw "related that the individual was reliable and based that belie[f] in part on the fact that the individual knew details about the crime and the crime scene that had not been released to the public." [Doc. 17 at 4.] Defendant does not dispute this characterization, but counters that the recording does not demonstrate how the Informant may have known that weapons were stored at the Defendant's residence. According to Defendant, Detective Kershaw merely assumed that the Informant had been to the residence based on the uncorroborated statements of the Informant. [Doc. 25 at 2.] The Defendant also notes that Detective Kershaw stated that the Informant was living

with the Defendant, but that Detective Kershaw did not state precisely when they lived together. [*Id.* at 3.] Though it may have been preferable for the Informant to have provided additional detail about when the Informant and Defendant lived together and when the Informant had last been at the apartment, the absence of this information does not render the warrant unenforceable given the totality of the circumstances.

In sum, considering the totality of the circumstances, I conclude that the Magistrate who issued the warrant had a substantial basis for concluding that probable cause existed.

### B. Even if the Kershaw Affidavit Lacked Probable Cause, the Good Faith Exception to the Exclusionary Rule Applies in this Case.

In *United States v. Leon*, 468 U.S. 897 (1984), the Supreme Court recognized a good faith exception to the exclusionary rule for searches that are conducted pursuant to warrants. Observing that the purpose of the exclusionary rule is to deter unlawful police conduct, the Court found that this purpose would not be served, and the rule should not be applied, when an officer, acting with objective good faith, has obtained a search warrant from a judge and acted within its scope. *See Leon*, 468 U.S. at 920-21. Nonetheless, the *Leon* Court noted four situations in which suppression would still be appropriate: (1) when the judicial officer issues the warrant on a deliberately or recklessly false affidavit; (2) when

the judicial officer wholly abandons his judicial role; (3) when the warrant is issued on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) when the warrant is so facially deficient that an officer could not reasonably presume it to be valid. *Id.* at 923.

Defendant raises only one of the four situations outlined in *Leon* here. Specifically, Defendant argues that the Kershaw Affidavit was "so lacking in indicia of probable cause as to render official belief in its existence unreasonable" because "the police officer(s) knew or should have known that the affidavit needed to indicate the informant's veracity and/or that his statements about the weapons being in the apartment needed to be corroborated." [Doc. 12 at 5.]

I do not agree that the affidavit was so deficient that the officers could not have had a reasonable belief that probable cause existed. As discussed above, the affidavit relates statements that the Informant made to law enforcement concerning the murder weapon and the location of the Defendant's address, both of which were corroborated. The affidavit also reflects that the Informant was also able to identify the Defendant. Thus, even if the affidavit in support of the search warrant was lacking in probable cause, the evidence should not be suppressed because the officers were acting in good faith reliance on a judge's issuance of the search warrant.

9

### C. Federal Law Controls the Admissibility of Evidence and the Reasonableness of the Search and Seizure.

Finally, Defendant contends that because the search warrant at issue in this case was issued by a state court, Georgia law controls the validity of the search, and under Georgia law, the *Leon* good faith exception to the exclusionary rule is inapplicable. [Doc. 12 at 6-7.] On the contrary, it is well-settled that federal law controls the admissibility of evidence and the reasonableness of a search and seizure by state officers used in a federal criminal prosecution. *See, e.g.*, *United States v. Clay*, 355 F.3d 1281, 1283 (11th Cir. 2004) ("It is established law of this Circuit that the admissibility in federal court of the products of state searches and seizures is controlled by federal law."). Thus, whether or not Georgia recognizes an exception to the exclusionary rule articulated in *Leon* is irrelevant to this Court's evaluation of the admissibility and the reasonableness of a search and seizure in this case. *Clay*, 355 F.3d at 1283.

### III. CONCLUSION

For the reasons discussed above, I **RECOMMEND** that Defendant's Motion to Suppress Search of 4015 Covington Hwy, C-2, Decatur, Georgia [Doc. 12] be **DENIED**.

There are no pending matters before me, and I am aware of no problems relating to the scheduling of this case. **IT IS THEREFORE ORDERED and**

**ADJUDGED** that this action be, and the same is hereby, declared Certified Ready For Trial.

It is so ORDERED and RECOMMENDED this 16th day of February, 2016.

_____
JOHN K. LARKINS III
United States Magistrate Judge