IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

DONALD LEE GLASS,

Defendant.

CRIMINAL ACTION FILE

NO. 1:15-CR-365-MHC

## ORDER

This action comes before the Court on the Final Report and
Recommendation ("R&R") of Magistrate Judge John K. Larkins III [Doc. 29] that
Defendant's Motion to Suppress Search of 4015 Covington Hwy, C-2, Decatur,
Georgia [Doc. 12] be denied.  The Order for Service of the R&R [Doc.
30] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were
authorized to file objections within fourteen (14) days of the receipt of that Order.
Within the required time period, Defendant filed his objections to the R&R [Doc.
32] ("Def.'s Objs.").

In reviewing a Magistrate Judge's R&R, the district court "shall make a de
novo determination of those portions of the report or specified proposed findings
or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).

"Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). If there are no specific objections to factual findings made by the Magistrate Judge, there is no requirement that those findings be reviewed *de novo*. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1)(C), and may accept the recommendation if it is not clearly erroneous or contrary to the law. FED. R. CRIM. P. 59. In accordance with 28 U.S.C. § 636(b)(1) and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which the parties object and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

Defendant is charged in a three-count indictment with possession of firearms while being a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2); possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C); and possession of a firearm in furtherance of a drug

trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  Criminal Indictment [Doc. 1].  The evidence sought to be suppressed by Defendant was seized pursuant to a search warrant for 4015 Covington Hwy #C-2, Decatur, Georgia, 30022, that was signed by a DeKalb County, Georgia Magistrate.  Search Warrant attached to Mot. to Suppress [Doc. 12-1 at 1-3].

Prior to the application for the search warrant, DeKalb County police officers responded to a shooting where Robert "Rampage" Dixon was shot multiple times and 9mm shell casings were found on the scene.  Aff. & Appl. for a Search Warrant attached to Mot. to Suppress [Doc. 12-1 at 4-6].  The search warrant was based upon a sworn affidavit signed by DeKalb County Police Department Detective B. P. Kershaw in which Detective Kershaw relates information provided by an informant to the effect that:  the informant had knowledge of recent homicides involving street gangs; "Smurf," a member of the "Hate Committee" street gang, said that he and "Gator" shot and killed "Rampage" because "Rampage" had been talking to the police; "Smurf" told "Gator" he used a .357 revolver and "Gator" had a Glock 9mm revolver; and most of the weapons used by gang members were stored at "Smurf's" apartment on Covington Hwy.  Id. In addition, the informant described the location of "Smurf's" apartment and the identity of "Smurf" as Defendant was confirmed.  Id.  DeKalb County detectives

3

were able to independently confirm the location of Defendant's apartment as described by the informant. Id. There was also additional testimony that Detective Kershaw offered to the DeKalb County Magistrate as to the reliability of the informant based upon the informant's knowledge of details about the crime and the crime scene that had not been released to the public.[1] Gov't's Opp'n to Def's Mot. to Suppress [Doc. 17] at 4. The search warrant was issued on August 18, 2015, was executed soon thereafter, and Defendant's arrest followed.

First, Defendant objects to the Magistrate Judge's[2] finding that "[t]he Kershaw Affidavit reflects that the DeKalb County police corroborated some of the

_____

[1] The Government provided counsel for Defendant with a copy of the DeKalb County magistrate court recording in accordance with the Magistrate Judge's Order of December 21, 2015. [Doc. 21.]

[2] This Court notes that, throughout his objections, Defendant's counsel continuously refers to the judicial officer who heard and decided Defendant's pretrial motions as the "Magistrate," perhaps conflating him with the county magistrate, when counsel surely is aware that he is one of the Magistrate Judges of the Northern District of Georgia. Section 321 of Pub. L. 101-650 provides: "After the enactment of this Act [Dec. 1, 1990], each United States magistrate appointed under section 631 of title 28, United States Code, shall be known as a United States magistrate judge." It is over twenty-five years since these judicial officers deservedly have been bestowed the title of "Judge." Defendant's counsel certainly is entitled to make arguments on behalf of his client against the recommendations of the Magistrate Judge but, in this Court's view, he should treat that judicial officer with the proper respect when doing so. See Ruth Dapper, A Judge By Any Other Name?  Mistitling of the United States Magistrate Judge, 9 Fed. Cts. L. Rev. 1, 17 (2015).

4

information that the Informant provided, including the location of Defendant's apartment and the type of weapon used to kill the victim." Def.'s Objs. at 2 (quoting R&R at 6). Defendant complains that the informant's statement on the type of weapon used was not corroborated in the affidavit and the police corroboration of the Defendant's residence was not strong enough. Id.

> A sufficient basis for probable cause for a search exists when under the totality of the circumstances there is a fair probability that contraband or evidence of a crime will be found in a particular place. A fair probability, in turn exists when the facts and circumstances would lead a reasonably prudent person to believe that the place to be searched contains contraband or evidence of a crime.

United States v. Noreiga, 676 F.3d 1252, 1261 (11th Cir. 2012) (citation and quotation marks omitted); see also United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999) ("Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location."). The Supreme Court has warned against hyper-technical reviews of search warrant affidavits. Illinois v. Gates, 462 U.S. 213, 232 (1983) ("[P]robable cause is a fluid concept – turning on the assessment of probabilities in particular factual context – not readily, or even usefully, reduced to a neat set of legal rules."). Rather, a magistrate should make "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of

5

persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. at 238.

In Brundidge, the Eleventh Circuit observed that independent police corroboration of informant-provided information has never been a *per se* requirement for a finding of probable cause. Brundidge, 170 F.3d at 1353. The veracity and basis of knowledge of informants are "relevant considerations in the totality of the circumstances," and "a deficiency in one may be compensated for . . . by a strong showing as to the other." Id. at 1355. "[W]hen there is sufficient independent corroboration of an informant's information, there is no need to establish the veracity of the informant." United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002) (citation omitted). The magistrate may also rely upon the opinions and conclusions of an experienced law enforcement officer-affiant. United States v. Robinson, 62 F.3d 1325, 1331 n.9 (11th Cir. 1995).

This Court agrees with the Magistrate Judge's finding that the informant's information as to the location of Defendant's apartment and type of weapon used to murder the victim was sufficiently corroborated. This included the facts that the informant knew information about the crime scene that was not made public, the informant identified the type of weapon used in the murder, the informant described the details of the location of Defendant's apartment, and law

6

enforcement officers were able to confirm the location of that apartment through utility bills as well as personal observation.  The informant was also interviewed personally, which can enhance credibility.  United States v. Heard, 367 F.3d 1275, 1279 (11th Cir. 2004) ("A face-to-face anonymous tip is presumed to be inherently more reliable than an anonymous telephone tip because the officers receiving the information have an opportunity to observe the demeanor and perceived credibility of the informant.").  Defendant's objection to the factual finding of the Magistrate Judge is, therefore, **OVERRULED**.

Second, Defendant objects to the Magistrate Judge's finding that, "due to the totality of the circumstances," it was unnecessary for the affiant to know how the weapons were stored in Defendant's apartment, or whether the informant lived with Defendant or had otherwise been on the premises.  Def.'s Objs. at 2-3 (citing R&R at 7-8).  Again, as indicated above, the Magistrate Judge's finding is supported by the evidence in the record and the case law in this Circuit.  There is no requirement that law enforcement must verify that the informant has been on the premises in order to corroborate the informant's knowledge of the location of the premises or the existence of contraband on the premises.  Nor is it necessary that the informant have certain particular information regarding the premises (e.g. how contraband may have been stored).  Based on the informant's description of

7

the location of the apartment, the verification of that location by law enforcement, and other indicia indicating reliability, the Magistrate Judge's finding is supported by the record and Defendant's objection to that finding is **OVERRULED**.

Third, Defendant objects to the Magistrate Judge's finding that the DeKalb County Magistrate had probable cause to issue the search warrant based on "the totality of the circumstances" but the Magistrate Judge "never tells us what those circumstances are." Def.'s Objs. at 3 (citing R&R at 8). The Magistrate Judge specifically details those circumstances in the R&R: (1) the DeKalb County Police corroborated some of the information that the informant provided, including the location of Defendant's apartment and the type of weapon used to kill the victim; (2) the officers spoke to the informant face-to-face; and (3) the informant knew details about the crime scene that has not been released to the public. R&R at 6-7. Defendant's objection is **OVERRULED**.

Fourth, Defendant objects to the Magistrate Judge's finding that, even if the affidavit in support of the search warrant was lacking in probable cause, the good faith exception to the exclusionary rule would apply to defeat the motion to suppress. Def.'s Objs. at 3 (citing R&R at 8). Defendant's basis for the objection is that Detective Kershaw told the DeKalb County Magistrate that he assumed Defendant and the informant lived together. Id.

8

As stated in United States v. Leon, 468 U.S. 897, 920-21 (1984), the
Supreme Court has established a "good faith" exception to the exclusionary rule to
prevent suppression of the items found pursuant to a search warrant when law
enforcement officers obtain evidence through objective good-faith reliance on a
facially valid warrant that is later found to lack probable cause. As noted by the
Magistrate Judge, Leon's good-faith exception does not apply to any of the
following four situations: (1) where the magistrate in issuing a warrant was misled
by information in an affidavit that the affiant knew was false or would have known
was false except for his reckless disregard of the truth; (2) where the issuing
magistrate wholly abandoned his judicial role; (3) where the affidavit supporting
the warrant is so lacking in indicia of probable cause as to render official belief in
its existence entirely unreasonable; and (4) where, depending upon the
circumstances of the particular case, a warrant is so facially deficient – i.e., in
failing to particularize the place to be searched or the things to be seized – that the
executing officers cannot reasonably presume it to be valid. Id. at 923; see also
United States v. Robinson, 336 F.3d 1293, 1296 (11th Cir. 2003).

Defendant contends that this case falls within the third exception to Leon,
because the affiant's statement to the county magistrate reflected the officer's
belief that the affidavit was so lacking in indicia of probable cause as to render

9

belief in its existence unreasonable. Def.'s Objs. at 3; Mot. to Suppress at 5. In order to determine whether the affidavit is so lacking in indicia of probable cause, "we look to the face of the particular affidavit at hand in order to determine whether the warrant is so devoid of probable cause that [the officers'] belief in its validity at the time it was issued was entirely unreasonable." United States v. Martin, 297 F.3d 1308, 1313 (11th Cir. 2002).

The Court agrees with the Magistrate Judge that the affidavit was not so deficient that the officers could not have had a reasonable belief that probable cause existed. R&R at 9. As previously stated, the affidavit states on its face that the informant, who was interviewed in person, identified the type of weapons used in the murder, described the details of the location of Defendant's apartment, and indicated that the weapons were stored in the apartment; moreover, law enforcement officers were able to corroborate the location and tenant of that apartment. The affidavit established a connection between Defendant and the residence to be searched and a link between the residence and the criminal activity. The affidavit also contained sufficient information to establish a likelihood that that evidence sought would be found in the place to be searched. Consequently, the Court finds that the affidavit contains enough indicia of probable cause that

reliance upon the warrant was not entirely unreasonable.  Therefore, Defendant's objection is **OVERRULED**.

Finally, Defendant objects to the Magistrate Judge's finding that federal law, and not Georgia law, controls the validity of the search warrant.  Def.'s Objs at 3 (citing R&R at 10).  Defendant relies upon Gary v. State, 262 Ga. 573, 575 (1992), where the Supreme Court of Georgia held that the good faith exception to the exclusionary rule in Leon does not apply in Georgia.  Mot. to Suppress at 6.  The Eleventh Circuit has rejected Defendant's argument.

> It is established law of this Circuit that the admissibility in federal court of the products of state searches and seizures is controlled by federal law. . . . Therefore, whether Georgia law permits or does not permit a good faith exception to the warrant requirement is irrelevant in a federal court's independent evaluation of the admissibility and the reasonableness of a search and seizure by state officers utilized in a federal criminal prosecution.

United States v. Clay, 355 F.3d 1281, 1283 (11th Cir. 2004) (citation omitted).

Defendant's objection is **OVERRULED**.

## CONCLUSION

Accordingly, after a *de novo* review of those portions of the R&R to which Defendant objects, the Court **OVERRULES** his objections [Doc. 32].  Finding no clear error in the remaining portions of the R&R, the Court **ADOPTS** the R&R [Doc. 29] as the Opinion and Order of the Court.

11

It is hereby **ORDERED** that Defendant's Motion to Suppress Search of

4015 Covington Hwy, C-2, Decatur, Georgia [Doc. 12] is **DENIED**.

    **IT IS  SO ORDERED** this 25th day of March, 2016.

                MARK H. COHEN
                United States District Judge